# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ORLANDO BAEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 2:09-cv-1149 |
| v | ) |
| | ) |
| Medical Doctor STANLEY FALOR; DIANE MANSON; SHIRLEY HICKMAN; MICHELLE DIGGS; UNBANTI TALABI; LOUIS FOLINO; SHARON BURKS; BYUNCHAK JIN; DEBRA GRESS; PRISON HEALTH SERVICES, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court are two filings at Docket entry numbers 186 and 187 wherein Plaintiff objects to two orders issued by United States Chief Magistrate Judge Lisa Lenihan at Doc. Nos. 145 and 146. The Order at Doc. No. 145 denied Plaintiff's motion to compel (filed at Doc. No. 141), while the Order at Doc. No. 146 denied Plaintiff's motion to appoint counsel (filed at Doc. No. 142). Plaintiff's objections are ripe for disposition.

**Procedural History and Background**

Plaintiff, Orlando Baez, inmate number CB-3721, is a *pro se* prisoner currently in the custody of the Pennsylvania Department of Corrections (DOC) in the State Correctional Institution at Greene (SCI-Greene), where he has been incarcerated since April 28, 2005. Prior to that time, he was incarcerated at SCI-Graterford, which is located in the Eastern District of Pennsylvania. Plaintiff brought the instant action pursuant to 42 U.S.C. § 1983 against two individuals employed by the DOC (Folino and Burks), as well as against a number of medical

services providers who provided different degrees of treatment to Plaintiff for his medical conditions while incarcerated.

Plaintiff initiated this matter in the United States District Court for the Eastern District of Pennsylvania, where it was docketed as civil action number 06-04923, with the filing of a Motion for Leave to proceed *in forma pauperis* on November 7, 2006. *See* Doc. No. 1. Plaintiff was subsequently granted permission to so proceed (*see* Doc. No. 5), and filed his original complaint on December 19, 2006 (*see* Doc. No. 6). Plaintiff subsequently filed an Amended Complaint on July 22, 2008. Doc. No. 77. Plaintiff's claims span a period of time in which he was incarcerated at both SCI-Graterford and SCI-Greene. *Id.* On July 23, 2009, a portion of the case was severed and Plaintiff's claims arising from his incarceration at SCI-Greene were transferred to this Court. Doc. No. 108.

Generally, Plaintiff claims that he suffers from the disease Lupus. *See* Am. Compl. at ¶ 25. He claims that he was unlawfully denied medical care for this condition while incarcerated at SCI-Graterford. *Id.* at ¶¶ 31-50. Plaintiff's claims regarding SCI-Graterford, and the Defendants implicated therein, have remained as part of his case in the Eastern District and are not before this Court. *See* Doc. No. 108. Plaintiff also claims that he was denied adequate medical care at SCI-Greene. *See* Am. Compl. At ¶¶ 63-77.

1. **Plaintiff's First Motion to Compel**

On October 16, 2009, a status conference was held wherein it was determined that the parties would engage in an additional period of discovery, including the medical defendants' deposition of Plaintiff. *See* Doc. No. 111. At that conference, Plaintiff was asked whether or not he needed any additional discovery. *See* Doc. No. 128. He did not request any additional discovery at that time. *Id.* On November 24, 2009, Plaintiff filed a Motion to Compel seeking

production of various documents and asking the Court's permission to depose twelve individuals, including, among others, the DOC Defendants, as well as DOC Secretary Jeffrey A. Beard. Doc. No. 124. In terms of documentary discovery, Plaintiff sought to compel the production of "any and all documents pertaining to this civil case, grievances, response to all grievances, medical documents, files, records and any and all internal communication regarding my grievances complaints, and or all my medical records that reflect my condition or medical history." *See* Doc. No. 124 at p. 2. Plaintiff also sought to have the Court compel the production of "any and all documentation/documents which the opposing parties intend/plan to use as a surprise and or rebuttal evidence." *Id.* The DOC Defendants opposed the motion to compel on the basis that, *inter alia*, Plaintiff did not make a request for discovery from them before filing his motion to compel. Doc. No. 127.

In an Order dated December 9, 2009, United States Magistrate Judge Lenihan addressed Plaintiff's motion to compel discovery as if it was a request for discovery. In terms of Plaintiff's request regarding depositions, she agreed with Defendants' objections to the extent that Plaintiff, proceeding *in forma pauperis*, did not appear to have the means to cover the costs associated with conducting depositions. Further, Magistrate Judge Lenihan found Plaintiff's request to conduct so many depositions, on its face, to be excessive. *Id.* As such, Plaintiff was advised that in lieu of depositions, he may submit a request to the Court for leave to conduct written discovery, with attached copies of the discovery request he desired to have served on Defendants. *Id.* This discovery may include depositions via written interrogatory. *Id.* In terms of the requested documentation, Magistrate Judge Lenihan ordered Defendants to provide Plaintiff with all incident reports, grievances, medical records, disciplinary records or other similar documents regarding the allegations set forth in the amended complaint no later than

January 4, 2010.  *Id*.  However, it is important to note that said relief was ordered by the Magistrate Judge as if Plaintiff's filing was a request for discovery.  To the extent that Plaintiff's filing was considered a motion to compel, it was denied.  *Id*.

## 2. Plaintiff's Motions for Stays of Proceedings

On December 15, 2009, Plaintiff moved to have his pending action administratively suspended for a period of one hundred and twenty (120) days, citing various medical conditions and his need for additional time to respond to "respond to the pending courts order's [sic] and motions by this court and by the D.O.C. and to go through all the discovery documents/research, etc." Doc. No. 129.  At the time, a motion for judgment on the pleadings had been filed by the DOC Defendants on November 24, 2009, at Doc. No. 122.  On December 18, 2009, Plaintiff's motion for a stay was granted, and Plaintiff's case was administratively closed on December 22, 2009.  A telephone status conference was scheduled for April 27, 2010.

On April 20, 2010, Plaintiff once again moved for an administrative stay of his proceeding.  *See* Doc. No. 131.  The basis for Plaintiff's motion was two-fold.  On one hand, Plaintiff informed the Court that the severed portion of his cause of action that remained in the Eastern District of Pennsylvania, namely involving his claims that stemmed for his time incarcerated at SCI-Graterford, was progressing and that he was unable to devote the requisite level of time to both that action and the one *sub judice*.  *Id*.  On the other hand, Plaintiff indicted that he was endeavoring to obtain counsel, and needed additional time to do so.  *Id*.  The telephone conference occurred on April 27, 2010, although Plaintiff constantly interrupted both the Magistrate Judge and counsel to the point that the conference could not continue and was terminated.  *See* Doc. No. 133.  Plaintiff did, however, inform the Magistrate Judge that he believed that he was still entitled to discovery that had not yet been provided.  *Id*.  Following the

conclusion of the telephone conference, Magistrate Judge Lenihan granted Plaintiff's second motion for an administrative stay, and ordered that the case would remain in suspension until July 27, 2010. *Id*. In terms of Plaintiff's contentions regarding discovery, he was ordered to file a detailed list of all discovery that he believed that he was entitled to that had not yet been provided, and that such a list was to be filed as a motion to compel no later than September 24, 2010. *Id*.

**3.    Plaintiff's Second Motion to Compel**

On September 22, 2010, Plaintiff filed a motion to compel that included a description of discovery he contended that he should have received but had not, as well as a request for additional discovery. Doc. No. 141 (the "second motion to compel"). In it, he generally demanded the same discovery he sought previously with his filing at Doc. No. 124, although he did not specify what he had received following the Magistrate Judge's ruling on that motion at Doc. No. 128. *Id*. at ¶ 5. Plaintiff further sought discovery on a host of other areas involving allegations of abuse and harassment at the hands of non-parties, all of which appear wholly unrelated to the denial of medical treatment claims Plaintiff alleges in his amended complaint. *Id*. at ¶¶ 6 – 8.

On September 23, 2010, counsel for the DOC Defendants responded in opposition, noting that in response to Magistrate Judge Lenihan's order, Plaintiff was provided with the "investigation report relating to the 4-4-08 incident, two misconduct reports issued at SCI Greene, misconduct history, grievance history, 39 (most relevant) of the 95 grievances plaintiff filed, and medical records while at SCI Greene" on December 18, 2009.[1] Doc. No. 144 at ¶ 7.

---

[1]    On August 23, 2010, Plaintiff filed a brief in opposition to the DOC Defendants' motion for judgment on the pleadings. Doc. No. 137. Consistent with the DOC Defendants' averment of having provided discovery documents to Plaintiff previously, it is important to note that Plaintiff attached forty (40) exhibits, totaling over 270 pages of attached documents to this brief in opposition, which included, *inter alia*, the inmate grievance records

Defendants further contended that since such discovery was provided, Plaintiff made no additional requests for documents prior to filing the instant motion to compel. *Id*. at ¶ 8. As such, the DOC Defendants opposed motion on the basis that Plaintiff could not move to compel that which he never requested in the first place. *Id*. at ¶ 10.

On September 24, 2010, Magistrate Judge Lenihan denied Plaintiff's second motion to compel. Doc. No. 145. In doing so, the Court noted that the motion was the second occasion in which Plaintiff filed a motion to compel without having first served a proper request for discovery that had not been responded to, and that Plaintiff was under an obligation to advise the Court of any additional discovery he required by January 8, 2010, which he failed to do. *Id*. In view of the fact that a motion for judgment on the pleadings (filed by the DOC Defendants at Doc. No. 122), and a motion to dismiss Dr. Stanley Falor (filed at Doc. No. 140), were both pending at the time, Magistrate Judge Lenihan ordered that no additional discovery would occur until those motions had been decided. *Id*.

4.      **Plaintiff's Motion to Appoint Counsel**

On September 22, 2010, Plaintiff filed a motion to appoint counsel, generally contending that the issues of his civil action were "extremely complex" and that he did not have the ability to obtain counsel on his own nor to present his case to a jury. Doc. No. 142. On September 24, 2010, Chief Magistrate Judge Lenihan denied Plaintiff's motion without prejudice. In so doing, she considered the standards applicable to such a request, as expressed by the Court of Appeals for the Third Circuit in *Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993). *Id*. Chief Magistrate Judge Lenihan noted that two dispositive motions filed by Defendants, to which responses in opposition had already been filed, were pending at the time. *Id*. The motion was denied at that

---

associated with the thirteen grievances filed by Plaintiff in which he complains about the level of medical treatment he received since being transferred to SCI-Greene. *Id.* at exhibit 21 – 25, 36, 38, 39, 41, 44, 53 – 55.

juncture, to be revisited in the event that the case should survive the dispositive motions and be scheduled for trial. *Id*.

**5.     Plaintiff's objections to the denial of his motions**

On October 6, 2010, Plaintiff filed "objections" to the Order denying his second motion to compel, whereby he responded that he did not abide by his previous obligation to inform the Court what additional discovery he required in view of the fact that the case had been administratively stayed. Doc. No. 150. A sequence of additional motions filed by Plaintiff followed, including an October 28, 2010, motion to compel directed at counsel for Defendant Falor (Doc. No. 154); a November 17, 2010, motion to substitute the deceased Defendant Falor with his estate (Doc. No. 161); a December 29, 2010, motion for a temporary restraining order and preliminary injunction (Doc. No. 166); two motions for extensions of time to respond to other motions; and a March 16, 2011, motion for reconsideration of the Court's order granting the dismissal of Defendant Falor (Doc. No. 179).

On March 30, 2011, Plaintiff appealed the denial of his objections to Chief Magistrate Judge Lenihan's orders filed at Doc. No. 145 and 146 to the District Court. Doc. No. 181. Heretofore, Plaintiff had yet to execute and file a form indicating whether or not he consented to jurisdiction by a Magistrate Judge.[2] On June 15, 2011, Plaintiff's motion for a review of his objections by the District Court was denied by the Magistrate Judge on the basis that no District Judge had been assigned to the case given the parties' consent to proceed before a Magistrate Judge. *See* Doc. Text Entry at 6/15/2011. Plaintiff subsequently moved for clarification of a

---

[2]     Local Rule of Civil Procedure ("LCvR") 10, "Pro se Civil Rights Actions by Incarcerated Individuals", requires an incarcerated plaintiff to execute and file a form within twenty-one (21) days of commencing an action to execute and file a form indicating whether or not the party consents to jurisdiction by a United States Magistrate Judge. LCvR 10.E. LCvR 10 further notes, "Ali individuals filing *pro se* civil rights actions assume responsibilities inherent to litigation. Incarcerated individuals are not relieved of these responsibilities." LCvR 10.B.

separate order June 15, 2011, order on the basis that he did not consent to jurisdiction before a U.S. Magistrate Judge. Doc. No. 184. On June 27, 2011, Magistrate Judge Lenihan granted Plaintiff's motion for clarification to the extent that Plaintiff's motion for clarification was accepted as Plaintiff's showing that he did not consent to jurisdiction before a Magistrate Judge, and therefore the Order of June 15, 2011, was vacated. *See* Doc. Text Entry at 6/2 7/2011. Plaintiff was further granted fourteen (14) days to file objections to the two previous orders (Doc. Nos. 145 & 146) to which he seeks relief. *Id*. On July 13, 2011, Plaintiff filed objections to said orders, and those objections are now ripe for disposition.

**Analysis**

Plaintiff objects to two distinct rulings of Chief Magistrate Judge Lenihan on his previous motions. His first objection concerns the September 24, 2010 order at Doc. No. 145 that denied his second motion to compel. *See* Doc. No. 186. Plaintiff's second separately filed objection is to the September 24, 2010, order at Doc. No. 146 that denied his motion for appointment of counsel. *See* Doc. No. 187. The Court will address each *seriatim*.

**1. Doc. No. 186 - Plaintiff's objection regarding discovery**

Plaintiff's second motion to compel discovery, in essence, has two components, it duplicates his first motion to compel discovery, and also seeks additonal discovery on entirely unrelated matters. Construed in this fashion, several basic guiding principles inform the Court's analysis of his objection to the order of Chief Magistrate Judge Lenihan's resolution of this second motion. At the outset, the scope of what type of discovery may be compelled in a case is defined, in part, by Rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides as follows:

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged

matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed.R.Civ.P. 26(b)(1). Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to a court's discretion and judgment. Thus, it has long been held that decisions regarding Rule 37 motions are "committed to the sound discretion of the district court." *DiGregorio v. First Rediscount Corp.*, 506 F.2d 781, 788 (3d Cir.1974). Similarly, issues relating to the scope of discovery permitted under Rule 26 also rest in the sound discretion of the Court. *Wisniewski v. Johns–Manville Corp.*, 812 F.2d 81, 90 (3d Cir.1987). Thus, a court's decisions regarding the conduct of discovery, and whether to compel disclosure of certain information, will be disturbed only upon a showing of an abuse of discretion. *Marroquin–Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir.1983). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. *See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc.*, 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter ..., "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." *Saldi v. Paul Revere Life Ins. Co.*, 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing *Scott Paper Co. v. United States*, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." *Kresefky v. Panasonic Commc'ns and Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J.1996); *see also Hasbrouck v. BankAmerica Hous. Servs.*, 190 F.R.D. 42, 44–45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); *EEOC v. Mr. Gold, Inc.*, 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

*Halsey v. Pfeiffer*, No. 09–1138, 2010 WL 3735702, *1 (D.N.J. Sept.17, 2010). This discretion is guided, however, by certain basic principles. Thus, at the outset, it is clear that Rule 26's broad definition of that which can be obtained through discovery reaches only "nonprivileged matter that is relevant to any party's claim or defense." Valid claims of relevance and privilege still cabin and restrict a court's discretion in ruling on discovery issues. Furthermore, the scope of discovery permitted by Rule 26 embraces all "relevant information" a concept which is defined in the following terms: "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." One other immutable rule defines a court's discretion when ruling on motions to compel discovery. It is clear that the court cannot compel the production of things that do not exist. Nor can any court compel the creation of evidence by parties who attest that they do not possess the materials sought by an adversary in litigation. *See, e.g., AFSCME District Council 47 Health and Welfare Fund v. Ortho–McNeil–Janssen Pharmaceuticals, Inc.*, No. 08–5904, 2010 WL 5186088 (E.D.Pa. Dec.21, 2010); *Knauss v. Shannon*, No. 08–1698, 2009 WL 975251 (M.D.Pa. April 9, 2009).

With these legal guideposts in mind, the Court considers Plaintiff's objection to the denial of his second motion to compel filed at Doc. No. 186. In opposing the second motion to compel, the Commonwealth of Pennsylvania Office of Attorney General represented to Chief Magistrate Judge Lenihan that it previously complied with its obligations to produce discovery, and that no other requests for discovery was made by Plaintiff. *See* Doc. No. 144. Given this representation, as well as Plaintiff's failure to provide any detail within his second motion to compel of any alleged deficiencies in the discovery provided following his first motion to compel, Chief Magistrate Judge Lenihan denied the motion. Doc. No. 145. Likewise, in

objecting to the order denying his second motion to compel, Plaintiff failed to identify with any detail any deficiency with the discovery responses of Defendants; instead he simply contends that the responses are "incomplete". *See* Doc. Nos. 150 at p. 3, 186.

The Court may overrule a decision of a Magistrate Judge involving a nondispositive discovery dispute only if the decision is clearly erroneous or contrary to law, or if the Magistrate Judge abused her discretion. *Scott Paper*, 943 F.Supp. at 502 (citations omitted). The Court has no difficulty is determining that the denial of the second motion to compel was neither clearly erroneous nor contrary to law. Further, there has been no abuse of discretion in this case. Defendants' representation of compliance with the previous discovery obligation, the lack of any detailed description or showing by Plaintiff contesting that representation, and the irrelevance of the additional demands for discovery on matters wholly unrelated to Plaintiff's amended complaint, were factors properly considered by Chief Magistrate Judge Lenihan in denying Plaintiff's second motion to compel. In fact, the Court notes that the degree to which the Chief Magistrate Judge considered Plaintiff's two spontaneous motions to compel discovery that were made without first serving formal requests on Defendants, has been anything but an abuse of discretion in terms of Plaintiff's access to discovery. For this reason, Plaintiff's objection to the denial of his second motion to compel will be overruled.

**2.      Doc. No. 187 - Plaintiff's objection regarding his motion to appoint counsel**

Prisoners have no constitutional or statutory right to the appointment of counsel in a civil case. *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir.1997). Such appointment is discretionary with the court. *See* 28 U.S.C. § 1915. "As a preliminary matter, the plaintiff's claim must have some merit in fact and law." *Parham*, 126 F.3d at 457 (citing *Tabron v. Grace*,

6 F.3d 147, 153 (3d Cir.1993)). Once the court determines the claim has merit, it should consider the following factors:

> (1) the plaintiff's ability to present his or her own case;
>
> (2) the complexity of the legal issue;
>
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
>
> (4) the amount a case is likely to turn on credibility determinations;
>
> (5) whether the case will require the testimony of expert witnesses;
>
> (6) whether the plaintiff can attain and afford counsel on his own behalf.

*Id.* at 457 (citing *Tabron*, 6 F.3d at 155-56, 157 n. 5). These factors were considered by the Magistrate Judge with respect to Plaintiff's motion, and the denial of said motion was neither clearly erroneous nor contrary to law.

Further, the Court finds no abuse of discretion. When it comes to the discretion to be exercised in such requests, it is important to reiterate a point highlighted by Chief Magistrate Judge Lenihan in her Order. As she noted, the Court of Appeals for the Third Circuit recognizes that there are many cases in which district courts seek to appoint counsel but there are none willing to accept appointment, stating that:

> [T]he frequent unwillingness of lawyers to accept appointment in such cases is not only a function of the time pressures lawyers face in trying to earn a living in an increasingly competitive field, but also by circulating knowledge of the indignities that some lawyers have been subjected to by certain litigants, including verbal and written abuse, excessive demands and complaints, and malpractice suits. We trust the district judges will be sensitive to such problems in making discretionary decisions in this area.

Doc. No. 145 (quoting, *Tabron*, 6 F.3d at 157, n. 7). This cautionary note is clearly a factor the Court's exercise of discretion in this case upon review of the docket. Before the action was severed and a portion transferred to this Court, counsel from the Pennsylvania Institutional Law

Project was appointed to represent Plaintiff on April 23, 2008, through the Prisoner Civil Rights Program of the United States District Court for the Eastern District of Pennsylvania. *See* Doc. No. 64. On May 8, 2009, counsel petitioned to be permitted to withdraw from representing Plaintiff. Doc. No. 100. The petition was granted in an Order of Court of July 23, 2009 (Doc. No. 107), wherein the Court noted, *inter alia*, that Plaintiff:

a) has persisted in refusing to follow counsel's legal advice;

b) has sent numerous letters to counsel, complaining about their performance, accusing them of being deceitful, and verbally attacking them for refusing to represent him in a fashion counter to their own judgment and experience as attorneys;

c) Plaintiff's antagonistic behavior towards counsel, as demonstrated in the voluminous attachment of letters attached to Plaintiff's memorandum in opposition, together with other letters he wrote directly to the court complaining about counsel, has eroded attorney-client trust to the point of severely impeding the goals of representation;

d) the Pennsylvania Institutional Law Project's pro bono representation of plaintiff has come at an expense of time, money, and energy.

Doc. No. 107. Further, this was not the first occasion in this action in which appointed counsel was permitted to withdraw from the representation of Plaintiff. Earlier, counsel was appointed to represent Plaintiff on October 10, 2007. Doc. No. 37. On February 18, 2008, counsel petitioned the Court to be withdrawn based upon invective comments made by Plaintiff to the Court about counsel's performance and character. *See* Doc. No. 57. That petition was granted on February 28, 2008. Doc. No. 59.

In view of the posture of the pending action, particularly the fact that discovery has proceeded since the case was transferred without the assistance of counsel, that Plaintiff has demonstrated an ability to litigate this action to this point, the fact that Plaintiff's request for the appointment of counsel will be revisited in the event the case proceeds to trial, and Plaintiff's

13

own antagonism with his previously appointed counsel, there was simply no abuse of discretion in denying Plaintiff's motion without prejudice at this juncture.

## Conclusion

For the reasons set forth herein, Plaintiff's objections to the orders denying his second motion to compel discovery and his motion to appoint counsel are overruled. An appropriate order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ORLANDO BAEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 2:09-cv-1149 |
| v | ) |
| | ) |
| Medical Doctor STANLEY FALOR; DIANE MANSON; SHIRLEY HICKMAN; MICHELLE DIGGS; UNBANTI TALABI; LOUIS FOLINO; SHARON BURKS; BYUNCHAK JIN; DEBRA GRESS; PRISON HEALTH SERVICES, INC., | ) |
| | ) |
| Defendants. | ) |

## ORDER OF COURT

AND NOW, this 1st day of September, 2011, upon consideration of Plaintiff's objections filed at Doc. No. 1186 and 187, to Orders of Chief Magistrate Judge issued on September 24, 2010 at Doc. No. 145 and 146, and for the reasons set forth in the forgoing Memorandum Opinion, **IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that:

1. The Order of Chief Magistrate Judge Lisa Lenihan, dated September 24, 2010 (Doc. No. 145) denying PLAINTIFF'S MOTION TO COMPEL DISCLOSURE OF DISOCVERY AND REQUEST FOR PRODUCTION OF ADDITIONAL DOCUMENTS ADDRESSED TO ALL DEFENDNAT'SPURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULES 33, AND 34(a), AND 37 (a)(2)(A), filed on September 22, 2010 (Doc. No. 141)(Plaintiff's "second motion to compel"), is **ADOPTED**;

2. Plaintiff's Objections to the Order denying his second motion to compel (Doc. No. 186) are **OVERRULED**;

15

3. The Order of Chief Magistrate Judge Lisa Lenihan, dated September 24, 2010 (Doc. No. 146) denying PRO SE PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL, is **ADOPTED**;

4. Plaintiff's Objections to the Order denying his pro se motion for the appointment of counsel (Doc. No. 187) are **OVERRULED**;

5. PLAINTIFF'S MOTION TO COMPEL DISCLOSURE OF DISOCVERY AND REQUEST FOR PRODUCTION OF ADDITIONAL DOCUMENTS ADDRESSED TO ALL DEFENDNAT'SPURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULES 33, AND 34(a), AND 37 (a)(2)(A), filed at Doc. No. 141, is **DENIED**; and,

6. PRO SE PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL, filed at Doc. No. 142, is **DENIED**.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:
Orlando Baez
CB-3721
175 Progress Drive
State Correctional Institution at Greene
Waynesburg, PA 15370

Alan S. Gold
Gold & Ferrante, PC
The Pavilion
261 Old York Road
Suite 526
Jenkintown, PA 19046
(215) 885-1118
Email: asg@goldferrantelaw.com

Anthony M. Marmo
Office of Attorney General
564 Forbes Avenue
Manor Building, 6th Floor
Pittsburgh, PA 15219
412-565-2794
Fax: 412-565-3022
Email: amarmo@attorneygeneral.gov